# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 3:18-CR-00105** |
| **vs.** | * | **JUDGE TERRY A. DOUGHTY** |
| **JAQUIRRO T. SCOTT** | * | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Before the Court is a Motion to Vacate [Doc. No. 43], filed by Defendant, Jaquirro T. Scott ("Scott") on July 29, 2020,  under 28 U.S.C. § 2255.  For the reasons set forth herein, the Motion to Vacate is DENIED.

## I.        BACKGROUND

On April 26, 2018, Jaquirro T. Scott was indicted as a "Felon in Possession of a Firearm" pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  [Doc. No. 1]   On June 13, 2018, Scott plead guilty to the one count Indictment as a Felon in Possession of a Firearm.  On October 2, 2018, Scott was sentenced to 120 months with the Bureau of Prisons ("BOP"), with three years of supervised release.  Scott filed a Notice of Appeal on October 10, 2018. [Doc. No. 30]   The Conviction and Sentence was affirmed on May 27, 2020.

Prior to the decision by the Court of Appeal, Scott filed a Motion to Vacate the Plea [Doc. No. 37] on July 29, 2019 on the same grounds as in the present Motion.  On July 31, 2019, the Motion to Vacate was denied and dismissed without prejudice due to the pending appeal [Doc. Nos. 39 and 40].

On July 29, 2020, Scott filed the present Motion to Vacate [Doc. No. 43].  The Government filed a response to the Motion to Vacate on August 6, 2020 [Doc. No. 45].

## II.    LEGAL ANALYSIS

In Scott's Motion to Vacate, he  maintains that he received ineffective assistance of counsel on appeal, that his guilty plea was unknowingly entered, and that the Court lacked subject matter jurisdiction in this case.  All of Scott's arguments are based on the recent United States Supreme Court Decision in *Rehaif v. United States* 139 S.Ct. 2191 (2019).  In *Rehaif*, the Court held that a defendant's knowledge that he fell within the relevant statute (that he was a felon) is an element of a Section 922(g) offense.  In other words, the "knowledge" requirement in Section 924(c)(2) applied not only to the defendant's possession of a firearm, but also applied to the defendant's knowledge that he fell within the relevant status, in this case, that he knew that he was a felon. Because *Rehaif* narrows the class of persons that the law punishes, under §§ 922(g) and 924(a), it can be retroactively applied on collateral review.  *Welch v. United States* 136 S.Ct. 1257 (2016).

The United States Court of Appeals, Fifth Circuit, has addressed the standard of review with this issue.  In *United States v. Hicks*, 958 F.3d 399 (U.S. 5th Circuit 2020), the *Hicks* Court held that when the motion to vacate the guilty plea and convictions are based on arguments that were not made before the District Court (which is true in this case), the review is for "plain error". Under the "plain error" review, reversal is warranted only if the following three conditions are met: (1)  there was an error,  (2)  the error was plain, and (3) the error affected the defendant's substantial rights.  Once these conditions are met, the Court may notice a forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.  The Court considered the entire District Court record in assessing whether there was a sufficient factual basis

to support the guilty plea.  The Court reviewed the record and upheld *Hicks*'conviction, as there was substantial evidence in the record that *Hicks* knew of his felon status.

Scott's Motion to Vacate is based upon arguments that were not made before the District Court. Therefore, the review in this case is for "plain error".  The proper procedure is to review the record to determine whether there was substantial evidence that Scott knew of his felon status. There is.

First, in the Plea Agreement, in the Factual Basis [Doc. No. 19], (Attachment # 2), Scott admitted he had prior felony convictions, including a 2007 conviction for Possession Of Cocaine. The Pre-Sentence Investigative Report [Doc. No. 25] reflects that on July 17, 2007, Scott plead guilty to Illegal Discharge of a Weapon and received a sentence of one-year at hard labor, with credit for time served.  On the same date, he plead guilty to Possession of Cocaine and received a five-year hard labor sentence with credit for time served, to run concurrently with the other charges.   Additionally, on March 17, 2009, Scott plead guilty to Unauthorized Entry of an Inhabited Dwelling and received a three-year sentence at hard labor with credit for time served. On December 14, 2015, Scott plead guilty to Illegal Discharge of a Firearm and received a one-year sentence without hard labor.  The record clearly reflects that Scott knew of his felon status. Therefore, there is no "plain error".

Scott has not established prejudice in this case.  In *United States v. Lavalais,* 960 F.3d  180 (5th Cir. 2020), the Court, in discussing establishing prejudice stated "demonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason:  Convicted felons typically know that they are convicted felons.  And they know the Government would have little

trouble proving that they knew.  So, it is hard to image how their conviction or guilty plea was prejudiced by any error under *Rehaif."* (960 F.3d 180, at 184).

Scott has not demonstated prejudice and his claim should be dismissed.

## III.    INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL

Allegations concerning the performance of one's attorney can be considered under 28 U.S.C. § 2255.  *Masaro v. United* States, 538 U.S. 500 (2003).  Claims of ineffective assistance of appellate counsel are generally assessed under the *Strickland v. Washington*  466 U.S. 668 (1984) two prong test.  *United States v. Phillips* 210 F.3d 345 (5th Cir. 2000).  Scott must show that his appellate counsel's actions were unreasonable and prejudicial under *Strickland.*  Scott maintains his appellate attorney was ineffective for failing to raise *Rehaif* on appeal.  The appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967),  and sought permission to withdraw from the case.  Counsel stated he conducted a conscienscious examination of the case.  After the brief was filed, Scott was provided the *Anders* brief to review and was provided adequate time to respond.  Scott did not respond.  Since the record reflects that Scott knew he was a convicted felon, he was not prejudiced and his counsel was not ineffective.

## IV.    VOLUNTARINESS OF GUILTY PLEA

Scott maintains his guilty plea was involuntary because of inadequate factual basis due to the *Rehaif* decision.  As long as the record reflects that Scott knew he was a convicted felon, and the record as a whole establishes that he had such knowledge, the guilty plea is deemed adequate. *United States v. Harris* 796 F. App'x. 203 (5th Cir. 2019).

Since the record reflects that Scott was aware he was a convicted felon, the guilty plea was not involuntary.

## V.      SUBJECT MATTER JURISDICTION

In his third and final claim, Scott maintians that the Indictment fails to charge a crime against the United States and that there is no subject matter jurisdiction.  However, challenges to an indictment are considered non-jurisdictional.  *United States v. Cotton*, 535 U.S. 625 (2002).  See also *United States v. Jacquez-Beltran* 326 F.3d 661 (5th Cir. 2003).

By pleading guilty a defendant waives any non-jurisdictional defects.  *United States v. Daughenbaugh* 549 F.3d 1010 (5th Cir. 2008).  Therefore, this claim is not a subject matter jurisdiction defect and has been waived by the plea of guilty.

## VI.     CONCLUSION

For the above and foregoing reasons, the Motion to Vacate filed by Defendant, Jaquirro T. Scott is DENIED.

Thus done and signed this 26th day of August, 2020 at Monroe, Louisiana.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE