# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 3:18-CR-00105 |
| vs. | * | JUDGE TERRY A. DOUGHTY |
| JAQUIRRO T. SCOTT | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending here is Defendant Jaquirro T. Scott's ("Scott") Motion to Alter or Amend Judgment and Reconsideration of Order Denying Movant's Section 2255 Motion [Doc. No. 51]. Scott requests the Court reconsider its Ruling and Judgment denying Scott's Motion Under 28 U.S.C. § 2255 [Doc. Nos. 46, 47].

A Rule 59(e) motion calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). Rule 59(e) serves "'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Basinkeeper v. Bostick,* 663 F. App'x 291, 294 (5th Cir. 2016) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Amending a judgment is appropriate under Rule 59(e): "'(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.'" *Berezowsky v. Rendon Ojeda*, 652 F. App'x 249, 251 (5th Cir. 2016) (quoting *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)).

Because Rule 59(e) has a "narrow purpose," the Fifth Circuit has "observed that

'[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'" *Id*. (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Thus, "a motion for reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" *Id*. (quoting *Templet*, 367 F.3d at 479).

Although Scott disagrees with the Court's determination in this case, the Court has previously considered and rejected his arguments and finds no reason to alter or amend the Ruling and Judgment. Accordingly,

**IT IS ORDERED** that Scott's Motion to Alter or Amend Judgment and Reconsideration of Order Denying Movant's Section 2255 Motion [Doc. No. 51] is **DENIED**.

Monroe, Louisiana, this 24th day of September, 2020.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE